NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD L.G. LIZAMA; VICTORIA L.G. LIZAMA; J & JEV ENTERPRISES, INC.,

Plaintiffs-Appellants,

v.

ANZ GUAM, INC.; DOES, 1-5,

Defendants-Appellees.

No.    17-15379

D.C. No. 1:16-cv-00010

MEMORANDUM*

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted June 28, 2018**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Edward L.G. Lizama, Victoria L.G. Lizama, and J & JEV Enterprises, Inc.

(collectively, "Lizama") appeal the district court's dismissal, with prejudice, of

their suit against ANZ Guam, Inc. and Does 1-5 (collectively, "ANZ"), arising

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from ANZ's attempts to foreclose on Lizama's property in the Commonwealth of the Northern Mariana Islands ("CNMI"). Lizama brought nine state-law causes of action against ANZ and one federal cause of action—a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

On appeal, Lizama does not challenge the district court's conclusion that he failed to state a plausible RICO claim; rather, he argues that the district court abused its discretion in denying leave to amend because any amendment to the complaint would be futile. Lizama also asserts that the district court erred in dismissing his state-law claims after dismissing the only federal cause of action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in dismissing Lizama's complaint with prejudice because any amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). RICO liability requires, among other elements, either "racketeering activity" or "collection of unlawful debt." *See* 18 U.S.C. § 1962. Both terms are defined in the statute. "Racketeering activity" comprises a list of serious state-law crimes and "indictable" predicate federal offenses. *Id.* § 1961(1). "Unlawful debt" means debt "incurred or contracted in" a manner respecting usury laws or illegal gambling. *Id.* § 1961(6).

The district court properly concluded that Lizama "fail[ed] to allege facts

2

showing the existence of any racketeering activity." Nowhere in the complaint or in the appellate briefs does Lizama identify a predicate offense constituting "racketeering activity." Instead, as the district court observed, Lizama's "entire RICO claim is premised upon the assertion that ANZ needed a full-service banking license in the CNMI when it executed the mortgage agreement in Guam and instituted foreclosure proceedings in the CNMI." Because a mortgage foreclosure is not a predicate RICO offense under these circumstances, the district court did not abuse its discretion in concluding that any amendment to the complaint would be futile. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 623 (9th Cir. 2004) (stating that "futile amendments" to a RICO complaint "should not be permitted").

Nor does Lizama argue that he could amend his complaint to allege unlawful debt collection related to gambling or usury. Lizama asserts on appeal that "[i]f allowed to amend, the plaintiffs could have alleged that the defendant received income derived through a collection of bad debt, i.e. interest charged and accruing in violation of CNMI law." But this proposed "amendment" merely presents a different flavor of the same allegations already rejected by the district court—that ANZ violated RICO by initiating foreclosure proceedings without a banking license in the CNMI.[1] RICO demands more than a bank collecting on a contractual

---

[1] The district court found that ANZ was not required to have a CNMI banking license to accept the mortgage over CNMI property, and that it did hold such a license when it initiated foreclosure proceedings. In any event, Lizama

3

debt allegedly in violation of some state licensing requirement; "collection of unlawful debt" in the RICO context concerns gambling or usury, elements that are not present here.  *See* 18 U.S.C. § 1961(6).

Having dismissed the only federal cause of action, the district court did not abuse its discretion in dismissing the pendent state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009) ("[D]istrict courts may decline to exercise jurisdiction over supplemental state law claims." (citation and quotation marks omitted)).  Lizama nonetheless argues for the first time on appeal that the district court was required to hear the state-law claims because it had original federal-question jurisdiction over them, under the Edge Act, 12 U.S.C. § 632.  The Edge Act "invests in the federal courts original jurisdiction over cases arising out of foreign banking transactions to which a U.S. corporation is a party."  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).  Contrary to Lizama's assertion, a "U.S. corporation" does not mean "any bank registered in" the United States.  The Act requires that the corporation be "organized under the laws of the United States."  12 U.S.C. § 632.  ANZ is not a federally-chartered corporation; it is "organized under" the laws of Guam.

**AFFIRMED.**

---

never identified a plausible RICO claim even assuming a violation of such a licensing requirement.

4